HENDERSON, TERRY & CO. *v.* THOMAS THORNTON et al.

1. BILLS OF EXCHANGE AND PROMISSORY NOTES: AN ACCOMMODATION ACCEPTOR, NOT A CREDITOR UNTIL PAYMENT.—An accommodation acceptor of a bill of exchange, does not become a creditor of the drawer on that account, until he has actually paid the bill.

2. ATTACHMENT: PLAINTIFF MUST HAVE SUBSISTING DEBT.—In order to entitle a party to an attachment at law, it is absolutely necessary that he should have a present subsisting debt against the person whose estate is attached, at the commencement of the suit,—a mere liability as surety for the defendant is not sufficient; and hence an accommodation acceptor of a bill of exchange, is not entitled to an attachment against the drawer, on account of the acceptance, until after it has been paid by him.

3. SAME: SAME: RIGHT OF CREDITORS TO COMPLAIN WHERE PLAINTIFF HAS NOT A SUBSISTING DEBT.—The rule, which denies an attachment at law to a party who has not a present subsisting debt against the defendant, is not alone for the protection of the defendant, but is also for the security of his creditors, the collection of whose debts might otherwise be defeated by the appropriation of his property under improper attachments: and hence a creditor may successfully attach a judgment rendered in an attachment against a debtor, in favor of a party who had not, when the attachment was sued out, a subsisting debt against the defendant, if such course be necessary to collect his own debt.

4. CHANCERY: JURISDICTION.—The Chancery Court has jurisdiction, to entertain a bill by a creditor, seeking to annul a judgment in attachment rendered against his debtor, upon the ground that the plaintiff in attachment had not a subsisting debt against the debtor when the attachment was sued out.

ERROR to the Chancery Court of Monroe county. Hon. Joel M. Acker, chancellor.

*F. M. Rogers* and *L. E. Houston*, for plaintiffs in error.

The only ground for vacating the judgments of the Circuit Court, as stated in the bill, is that the plaintiffs in error, Henderson, Terry & Co., sued out their attachment before the bill was due, and that when the bill fell due, Henderson, Terry & Co. were under suspension. The bill does not state that Henderson, Terry & Co. had not paid the bill, and were not the holders thereof at the time they sued out their attachment. All the facts stated in the bill might be true, and still we were entitled to our money. An accommodation acceptor may, when he finds that the party for whom he has ac-

Henderson Terry & Co. *v.* Thornton et al.

cepted, is about to fail, pay the bill which he has accepted, and pursue his remedy against his failing or emigrating friend.

We also contend that after we had obtained a judgment in the regular way against Joseph Brown, the defendants in error had no right to vacate that judgment, except for fraud, and the facts stated in the bill do not constitute fraud. Here was a solemn adjudication of the rights of the parties by a court of competent jurisdiction, and according to all authority, that must stand, unless it was obtained by fraud.

Secondly. We contend that there was an error in the decree of the court on the final trial, in bill, answer, evidence and exhibits. The answer denies all fraud; shows that Henderson, Terry & Co. were and are the owners of the bill, that they were the accommodation acceptors of Joseph Brown, and that they paid the bill at its maturity.

The acceptor of a bill of exchange, is the party first liable to the holder. And when a bill is accepted for the accommodation of the drawer, and he has thrown the said bill into the market, and obtained the money on it, is he not then liable to his accommodation acceptor? It is an advance of money by the acceptor. He has made it his own debt, and must meet it at maturity. It is true the holder has his remedy against the drawer, if the acceptor fails to pay; but the drawer is only liable in case the acceptor does not pay. The acceptor is not the surety of the drawer; and, according to commercial usage, as soon as a bill is accepted by an accommodation acceptor, and the drawer obtains the money on it, he is that moment liable to his acceptor.

But, then, if we are mistaken on this point, there is another, which is this: After a judgment was rendered, the court had no right to deprive us of the money the property attached sold for. If the defendants in error had a right to resist our claim to the money, they should not have waited until a judgment was rendered against Joseph Brown, an order of sale issued, and the property sold under that order. If we are not entitled to the money, we were not entitled to the judgment *versus* Joseph Brown. All the papers and proceedings were matters of record, and parties have no right to wait until the final adjudication of a question, and then go into a court of chancery for the purpose of vacating the judgment

of a court of competent jurisdiction.    Busbee's Law, 78, 80; 2 Dev. & Batt. L. R. 138.

*R. O. Reynolds* and *Dowd* and *Sykes*, for defendants in error.

1st. When an acceptance of a bill is made, it is an admission that the acceptor has funds to pay the bill.    *Vere et al.* v. *Lewis et al.*, 3 Tenn. 91, 92 ; Chitty on Bills, 410, 411.

2d. An accommodation acceptor· is but a surety, and although he may be in danger of loss or ruin, he cannot sue or attach, until the debt is due and the drawer in default.    *Campbell* v. *Macomb*, 4 John's Ch. 538 ; *Black* v. *Zacharie & Co.*, 3 How. U. S. 511 ; *Lum* v. *Steamboat Buckeye*, 24 Miss. 565; *Blanchard* v. *Grousset*, 1 Louisiana An. 96 ; *Benson* v. *Campbell*, 6 Porter, 458 ; Drake on Attachment, §§ 57, 58.

3d. Nor·is this general principle varied or changed in the least by the State of Mississippi, which permits the issuance of an attachment for a debt not then due.    Drake on Attachment, §`58; 1 Louisiana Annual R. 96 ; *Benson* v. *Campbell*, 6 Porter (Ala.), .458.

4th. Creditors claiming under a junior levy cannot, at law, defend against a senior attachment, for irregularities therein.    *Kincaid* v. *Neal*, 3 McCord, 201 ; *Cumberford* v. *Hall*, 3 McCord, 345 ; *McBride* v. *Floyd*, 2 Bailey, 209 ; Drake on Attachment, § 771.

5th. Judgments are conclusive only between parties and their privies.    Strangers may impeach them for fraud or want of consideration.    4 Phillips on Evidence (Cowen & Hills), 79 ; *Niles* v. *Anderson*, 5 How. 365 ; *Hurd* v. *Smith*, 5 How.· 562 ; *Ross* v. *Lane*, 3 S. & M. 695.

6th. When a judgment is rendered by confession or default, a court of equity will postpone the same to a *bona fide* judgment-creditor.    *James* v. *Johnson*, 6 Johns. Ch. R. 432 ; *Watlington* v. *Henly*, 1 Desaussure, 167 ; *Leroy* v. *Dickinson*, 4 Haks. 223 ; *Smith* v. *Gettinger*, 3 Georgia, 140.

7th. A court of chancery will enjoin a judgment at law, when the plaintiff, by fraud, accident, or mistake, obtains an unjust advantage. Eden on Injunctions, 68, 69 ; 3 Daniel Chan. Practice, 1910, 1911 ; *Booth* v. *Mont*, 1 Brevard, S. C. 216 ;· *Ross* v. *Lane*, 3 S. & M. 695 ; *Pierce* v.·*Jackson*, 6 Mass. 244.

8th. Though a judgment rendered in favor of an attaching cre-

ditor may be set aside by motion suggesting fraud, yet this is not the exclusive remedy, but concurrent with that of the court of chancery. Drake on Attachments, § 775; *Smith* v. *Gettinger*, 3 Georgia, 140; *Lindsay* v. *Arnold*, 4 Strobhart's Law, 291; *Walker* v. *Roberts*, 4 Richardson, 561.

HANDY, J., delivered the opinion of the court.

This bill was filed by the defendants in error, for the purpose of enjoining the payment of a fund in the hands of the sheriff of Monroe, the proceeds of the sale of property levied upon under attachments issued by the plaintiffs in error, and also by the defendants in error against one Brown, upon which judgments were rendered and executions issued, and the property sold; the object of the bill being to prevent the payment of the proceeds of the sale to the judgment of the plaintiffs in error, and to have the money applied to the judgments of the defendants in error.

The bill states, in substance, that the attachment of the plaintiffs in error was issued on the 9th January, 1858, and levied on the 11th day of the same month, and that the several attachments of the defendants in error were issued on the 12th, and levied on that day and on the 13th day of the same month, on the same property levied on under the attachment of the plaintiffs in error; and that judgments upon all the attachments were rendered on the 26th June, 1858; that executions issued upon all the judgments, upon which the money in controversy was made by the sheriff, the amount being insufficient to satisfy the judgment of the plaintiffs in error, to whose execution the sheriff was about to apply the money, whereby the judgments of the defendants would remain wholly unsatisfied, their debtor, Brown, being wholly insolvent. The bill then charges that the attachment and judgment of the plaintiffs in error are void and fraudulent, because it was founded on a bill of exchange drawn by Brown and accepted by the plaintiffs in error, which did not become due until the 15th February, 1858, more than a month after the suing out of their attachment; and that the plaintiffs in error were, at the maturity of the bill, and before, under suspension of payment as commission merchants in New Orleans, and that there was then pending an attachment in chancery for the same debt, as that upon which the present attachment of the plaintiffs in error is founded.

To this bill, the plaintiffs in error demurred, assigning various grounds, of demurrer; which being overruled, they answered, denying the fraud charged, or that there was an attachment pending in chancery for the same cause of action; admitting that their acceptance was not due until 15th February, 1858, but that being an accommodation acceptance, they became the creditors of the drawer from the date of the acceptance, and upon its being put into circulation; and alleging that they paid the acceptance at its maturity.

Upon the final hearing on the pleadings and proofs, the decree being for the complainants, the case is brought here.

In support of the demurrer, it is contended that, as the bill does not show that the acceptance had not been paid at the time the attachment of the plaintiffs in error was issued, the attachment is not shown to have been invalid, because the accommodation acceptors had the right to pay the bill before maturity, and thereupon to pursue their remedy against the drawer. But if it be conceded that plaintiffs in error had this right, it cannot be presumed, in the absence of all proof upon the point, that they had paid the bill before maturity; but the presumption would be to the contrary; and this is much strengthened by the fact alleged in the bill, that they were in a state of suspension of payment at and before the maturity of the bill.

Considering the case, then, as it is presented by the bill, answer, and proofs, it appears that the acceptance was not paid by the plaintiffs in error until its maturity, which was more than a month after their attachment was issued; and the question is, is this such a fraud upon the rights of the defendants in error, who were then creditors of the debtor, and having debts due, as would postpone the right of the former under their attachment, to the attachments of the latter? And we are of opinion that it is.

In order to entitle a party to an attachment, it is absolutely necessary that he should have a subsisting debt against the party whose property he attaches. This is required not only with reference to the rights of the debtor, but it is a matter in which other creditors of the debtor are concerned. The debtor's property is responsible for the debts which he owes at the time of issuing attachments against him; and the creditors then having debts, have the right to have it applied to the payment of their debts. It

would be absurd to suppose that persons not then creditors had any such right at that time. If, then, a party who is not then a creditor, but is shown only to have become so afterwards, asserts his claim as a present creditor, and issues his attachment against the debtor's property, which is not sufficient to pay that and the attachments of other creditors founded on valid debts then subsisting, it is plain that his claim would be a fraud in law, and operate to the injury of the other creditors, if his attachment was prior in time to those of the other creditors. It would be to deprive them of the right which they had by law to have their debtor's property applied to their debts, by appropriating it to his debt, when he had no legal right to do so.

How, then, is this to be prevented, if such a party issue the first attachment, and before he is in law a debtor? Other attaching creditors might not know of the invalidity of his claim, and it is questionable whether they would be heard to make the defence against his attachment. Their rights cannot be made to depend upon the action of the defendant to be taken, and which would operate to their benefit and protection. They must, therefore, have the right to protect themselves by appropriate legal steps to be taken by them, either by motion in the court where the attachments were pending, and whilst the proceeds of them are under the power of that court, if the evidence necessary to the assertion of their rights be available in that court; or by going into equity. *Walker* v. *Roberts*, 4 Richardson's Rep. 562. For it is clearly within the power of a court of equity to set aside a fraudulent judgment, at the instance of any party who is directly injured by the fraud.

Upon this view, the decree awarding the proceeds of the sale under the attachments to the defendants in error, was correct, and it is affirmed.