## A. SCHILLING ET AL.

### V.

## CHAS. E. DEANE ET AL.

*Attachment—Debt not Due—Intervention of Judgment Creditor.*

1. A creditor can not bring attachment if no part of his claim is due.

2. A judgment creditor can interplead in an attachment suit and set aside a judgment entered therein on a debt not due.

3. A debt not due when an attachment suit is commenced thereon will be postponed to a junior attachment creditor whose debt is due.

[Opinion filed May 28, 1890.]

IN ERROR to the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for plaintiffs in error.

Mr. GEORGE W. THOMPSON, for defendants in error.

An intervenor in this State can defend against the attachment and show there was no ground for it when the defendant fails to defend. Statute of Ill., Attachment Act, Sec. 29; Farwell v. Jenkins, 18 Ill. App. 491; Heyer et al. v. Alexander et al., 108 Ill. 385; People, for use, v. Stitt et al., 7 Ill. App. 294; Smith v. Gettinger, 3 Georgia, 140; Ruppert v. Haug, 87 N. Y. 141; Buckman v. Buckman, 4 N. H. 319.

The same is held to be the law in California, Mississippi, South Carolina, Virginia and other States. See a full discussion of this subject in Drake on Attachment, Secs. 273–5 inclusive.

The attaching creditor must swear the claim is due prior to the issuing of the writs, and the fact that a claim is not due is a perfect and full defense against an attachment, and this question is properly raised by a subsequent attacher or judgment creditor by a plea of intervention. Sec. 4, Attachment, Stat-

ute of Ill.; Buckman v. Buckman, 4 New Hampshire, 319;
Webster v. Harper, 7 New Hampshire, 594; Walker v. Roberts, 4 Richardson (S. C.), 561; Davis v. Eppinger, 18 California, 378; Spyer v. Ihmels, 21 California, 281; Henderson v. Thornton, 37 Miss. 448; Ayers v. Husted, 15 Conn. 504; Smith v. Gettinger, 3 Georgia, 140; McCluny v. Jackson, 6 Grattan (Va.), 96; Drake on Attachment, Secs. 274–280.

In some States, by reason of special statutes, the specific right to an attachment before the debt is due is given, yet even in those, judgment can not be rendered until the maturity of the debt. Code of Iowa, (1882) Sec. 2956.

This statutory provision of some States is mentioned, as it will explain the decisions that may be cited *contra*, showing some States to permit attachments before maturity.

The statute of Illinois does not permit an attachment upon a claim not due. Statute of Ill., Attachment Act.

LACEY, J. Plaintiffs in error, A. Schilling & Co., on November 13, 1886, were the creditor of J. C. Ayling in the amount of $185.10, and received draft on four months time.

On the eleventh of January, 1887, they became the further creditor in the amount of $235, and accepted a draft due in four months for that amount, both bills being for tea sold.

On January 27, 1887, the plaintiffs in error swore out an attachment for $420.10 against Ayling, claiming that amount to be due by the affidavit, the grounds of the attachment being that Ayling was about to remove his property from the State, and had within two years fraudulently conveyed it.

An ordinary declaration in assumpsit for goods sold and delivered was filed with a copy of account sued on and with no affidavit of merits, the account showing that it was for the above items of tea sold.

On January 20, 1887, defendants in error obtained a judgment in the Superior Court of Cook County, Illinois, against the same Ayling for $707.23, and execution issued thereon directed to the sheriff of Knox County, Illinois, who levied it on the same goods the attachment was levied on the preceding day. The appearance of an attorney was entered in the

Knox Circuit Court for Ayling, and on March 10, 1887, defendants in error interposed in the suit between plaintiffs in error and Ayling, setting up the facts of their judgment, execution and levy on Ayling's goods that had been attached in favor of plaintiffs in error; that said Ayling had no other property liable to execution or attachment, and the interpleader's rights are prejudiced by said attachment, the interpleaders also stating that the action of plaintiffs in error was misconceived and prematurely brought, and that they should be non-suited; that the debt on said attachment was not yet due, and that no attachment would lie on the same against the property of J. C. Ayling, and that the same was wrongfully issued, which interpleader was sworn to. On March 24th Ayling's appearance in plaintiffs in error's attachment suit against him was withdrawn and judgment rendered against him for $420.10.

This coming to the knowledge of the interpleaders, defendants in error, they moved the court to set aside the default and judgment and to be allowed to defend in the name of Ayling. This motion the court decided on the final trial, holding the interplea well taken, dismissing the attachment and setting aside the judgment of the plaintiffs in error.

The only questions in the case are, can a creditor bring an attachment against his debtor's property when no part of his claim is due? And can a creditor, who has judgment against the common debtor, interplead in the attachment suit and procure a judgment to be set aside, obtained by default on a claim not yet due?

Again, if a debt has not yet matured when the attachment suit is commenced, shall the claim be postponed to a junior attachment creditor where the debt is due?

We think the court below correctly held in the affirmative on these points.

This ruling seems to be supported by an overwhelming weight of authority. Drake on Attachments, 5th Ed., Secs. 273, 274.

On the last point we cite cases identical in their facts: Hale v. Chandler, 3 Mich. 531; Ward v. Howard, 12 Ohio S.

15S; Patrick v. Mantader, 13 Cal. 434; Fredenburg v. Pearson, 18 Cal. 152; Davis v. Apinger, Ibid. 378; Swift v. Croker, 21 Pick. 241; Pearce v. Johnson, 6 Mass. 242; Smith v. Gettinger, 3 Georgia, 141; Hale v. Chandler, 3 Gibbs, 531; Henderson, Tenny & Son v. Thompson, 37 Miss. 448; Walker & Bradford v. Roberts, 4th Rich (S. C.), 561; Ayers v. Husted, 15 Conn. 504; McOney v. Jackson, 6 Grattan (Va.), 96.

It is insisted by counsel for plaintiffs in error that the taking of judgment in an attachment issued against a defendant where the debt is not due, is a mere irregularity in the proceeding, of which no other attaching creditor against the same debtor can complain, and cites the case of Thomas v. Mueller, 106 Ill. 44.

We are inclined not to take that view of the case.

An attaching creditor, before he can procure an attachment writ, must, according to the requirements of our statute, file an affidavit setting forth, among other things, that the debt on which suit is being brought is then due.

To make an affidavit of this kind in this case would be false and fraudulent as to other attaching creditors.

The mere omission of the debtor to make defense, and the allowing of judgment to go against him by default, would not in any way condone such fraud. And a creditor whose debt was due, having issued his writ and procured the levy of his attachment, ought not to be defeated by a subsequent agreement between another attaching creditor with the same debtor to expedite the time of his debt becoming due. We think the case of Thomas v. Mueller, *supra*, is not in point, as there the only question was whether the defendant in the attachment was obliged to insist on a release of her debt where there had been in fact no payment. The court held she need not, and that other creditors could not set up such release to defeat a junior judgment.

It will be observed that there would have been no equity in insisting on such a release, and if the debtor was honest enough not to do so, it ought not to be permitted to others to interpose it.

We see no error in the record, and the judgment is therefore affirmed.                     *Judgment affirmed.*