# Franklin MacVeagh et al. v. F. E. Royston et al.

1. CONSTRUCTION—*Of Statutes.*—It is an elementary principle in the construction of statutes that no one section of a statute, nor any single statute, should be considered alone, but that all existing statutes should be construed together, so that, if possible, one harmonious whole may be produced.

2. COURTS—*Relative Authority of.*—Courts are but the instruments of the law, and it can not be justly said that one court is superior to another, if each has equal jurisdiction of the particular matter involved; but the order of each, if made at the same time and under the same circumstances, should be placed on a parity, for both are equal in point of authority, as pronouncing the final sanction of the law.

3. ATTACHMENTS—*An Order of Distribution of the Proceeds of a Sale under Several Attachments, Approved.*—On September 26, 1896, an execution against A and in favor of B was issued by a justice of the peace and placed in the hands of C, a constable; on September 25, 1896, D and E commenced suit against A in the Circuit Court, and on September 28, 1896, D sued out an attachment in aid of his suit; on the same date F, G and H sued out attachments against A before a justice of the peace, and I sued out an attachment before a city court; and on October 31, 1896, E sued out an attachment in aid of his suit. The attachments were all placed in the hands of C, who was both deputy sheriff and constable, and were levied on the same property. All the suits were prosecuted to judgment, executions were issued and the property sold. E then applied to the Circuit Court for an order of distribution, claiming that he and D had a first claim on the money in the hands of the officer. The court directed that after the payment of costs the claims be paid in the following order: 1st, B's judgment; 2d, D's judgment; 3d, the judgments of F, G, H and I, in the order of their priority; 4th, E's judgment. *Held*, on appeal, that the order was right.

Petition, for order of distribution in attachment proceedings. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed September 20, 1897.

MORAN, KRAUS & MAYER and ALSCHULER & MURPHY, attorneys for appellants.

A. J. HOPKINS, F. H. THATCHER, and F. A. DOLPH, attorneys for appellees F. E. Royston & Co.

ALDRICH, WINSLOW & WORCESTER, attorneys for appellees Jameson, Sheets & Co.

JOHN M. RAYMOND, attorney for appellees Dwinell & Wright.

LEE MIGHELL, attorney for appellee Fred Holmes.

G. C. VAN OSDEL, attorney for appellees Durand & Kasper.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This is an appeal from the Circuit Court adjudicating priorities, and making distribution among an execution and several attachment creditors, of the proceeds of sale of attached property of one White Dawson. Royston & Co. commenced suit in the Circuit Court on September 25, 1896, and sued out an attachment in aid of their suit on September 28, 1896, and appellants commenced suit in same court and on the same date but did not sue out an attachment until October 31, 1896. Several intermediate attachments were sued out respectively, by Jameson, Sheets & Co., Durand & Kaspar, and Eby & Michaels, on September 28, 1896, before a justice of the peace, and on the same day Fred Holmes sued out an attachment from the city court of Aurora, and on September 26, 1896, an execution for $61, issued by a justice of the peace against Dawson, in favor of Dwinell & Wright, was placed in the hands of G. W. Kimball, a constable, which was afterward transferred to the same officer, in whose hands all of the said attachment writs were placed. All the attachment writs were, as soon as issued, placed in the hands of Fred Holtz, who was at the same time both deputy sheriff and constable. The stock of groceries, the property of White Dawson, was seized and taken into possession by the said Fred Holtz, as deputy sheriff, under the attachment writ of Royston & Co., in the first instance. The officer also indorsed upon the several attachment writs, as they came into his hands, levies upon the same property, the possession of which he had previously taken under the writ of Royston & Co. All the attachment proceedings were prosecuted to a conclusion, judgments entered therein in the respective courts in which

they were pending, and special execution awarded and issued to the said Fred Holtz, for the sale of said attached property. After due notice the officer sold the property, and the proceeds of the sale, $1,290, remaining in his hands,' appellants applied to the Circuit Court for an order of distribution among the attaching creditors, insisting that they and Royston & Co. had the first claim to such proceeds. The court, under section 37 of the attachment act, ordered the proceeds of sale distributed as follows: First, the costs of sale. Second, the Dwinell & Wright execution. Third, Royston & Co. in full. Fourth, that the judgments of Fred Holmes, Jameson, Sheets & Co., Durand & Kaspar, and Eby & Michaels, be each severally satisfied in the order of their priorities, or to the extent to which the balance may apply. Fifth, and not until after the said judgments and executions so mentioned are satisfied in full, shall any payment be made to appellants. Under this order appellants would receive no part of the said proceeds of sale, from which order they appeal to this court, and ask a reversal thereof because of the errors alleged, insisting they were entitled to the same standing and priority awarded to Royston & Co., whom they admit are entitled to be first paid. The only question, therefore, arising in the case, is as to the rights of the intermediate attaching creditors, in the city court and before the justice of the peace, to a priority over the appellants in the distribution of the proceeds of the sale of the attached property.

It will be observed in the beginning, that all the attachments were issued and levied on September 28, 1896, except that of appellants, which was October 31, 1896.

The contention of counsel for appellants is, as we understand them, that the intermediate attaching creditors, if they desired to secure the right to share in the proceeds of the sale of the attached property, should have commenced their suits in the same court with the first attaching creditor, Royston & Co., and having failed to do this, as a matter of law, they are subordinated to all creditors who did so. This is the question here presented for decision.

We have examined the authorities cited by counsel for

appellant, in support of their position, and find none of them directly in point upon the question. All the authorities cited, so far as we can see, relate to priorities arising between attaching creditors who had sued out their attachments from the same court. The question here presented is, whether attachment creditors in different courts shall have priorities in the order of time in which their respective attachment suits were begun, without reference to the particular court in which they were respectively prosecuted.

To properly determine this question it may be useful, if possible, to ascertain the legislative intent in passing the laws upon this subject; for it will hardly be disputed the remedies here afforded are of a purely statutory nature, in no way depending on the common law for their existence. It is an elementary principle, in the construction of a statute, that no one section of a statute, nor any single statute alone, shall be considered, but all existing statutes shall be construed together, so, if possible, one harmonious whole may be produced. Having this principle in view, we will compare and endeavor to construe together section 51, chapter 77, and sections 29 and 57, and incidentally section 37 of chapter 11, Starr & Curtis. Section 51 of chapter 77, which is the chapter on judgments, decrees and executions, provides, that if the goods and chattels sold on execution have been attached by another creditor, or seized on another execution, either by the same, or any other officer, the proceeds of the same shall be applied to the discharge of the several judgments in the order in which the respective writs of attachment or executions became a lien, or are entitled by law to share. While this section was not by the legislature placed in the statute specially devoted to attachment proceedings, it nevertheless has relation to that subject, and no reason is perceived why its provisions should not be invoked, applied and given their due effect, if the facts in a given case should require.

To make it seem more probable that the legislature intended these statutes to be applied in the manner indicated by section 57, chapter 11 (Starr & Curtis), relating to attachments, it is expressly provided that the provisions of

MacVeagh v. Royston.

law governing attachments in courts of record shall apply to attachments before justices of the peace, so far as the same are applicable and not inconsistent with the provisions which are especially applicable to the latter. No reason is perceived why the provisions of the section to which reference was last made, do not make the provisions of section 37, same chapter, under which the application of appellants was made, also applicable to similar proceedings before a justice of the peace. Section 29 of the chapter last mentioned provides that in all cases of attachment any person other than the defendant may claim the property and interplead, and it has been held a judgment creditor may assert his lien in this manner. Schilling v. Deane, 36 Ill. App. 513.

From these provisions of the law governing attachment proceedings, is it not apparent the policy of the law is, that all creditors, if they be equally diligent, shall be placed upon an equality, and that the estate of the debtor shall be distributed among them equally and impartially? This policy can only be made effective by holding that when judgments are obtained in conformity with law, the law thereby appropriates the property of the debtor in its hands to the payment of all indebtedness, in relation to the time the several judgments are obtained. Courts are but the instruments of the law, and it can not be justly said that one court is superior to another, if each have equal jurisdiction of the particular matter involved; for in this respect the order of each, if made at the same time and under the same circumstances, should be placed on a parity, for both are equal in point of authority, as pronouncing the final sanction of the law.

Hence, if our reasoning is sound, and surely it has equal and exact justice in support of it, it follows that section 51 of the chapter on judgments, decrees and executions, is supplemental to and a part of the law governing attachment proceedings, and by express enactment the provisions of law governing attachment in courts of record shall apply to attachments before justices of the peace; and applying the provisions of section 51 to the case presented, as we think may properly be done, the order of the Circuit Court was right, and it will be affirmed.